IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MARIA ACOSTA, Individually and as Next Friend of N.N., a Minor; and OSCAR NIÑO DE RIVERA, Individually, and as Next Friend of N.N., a Minor, <br><br>　　Plaintiffs, <br><br>v. <br><br>RANDY MCMILLAN; BASTROP COUNTY; and BASTROP COUNTY INDEPENDENT SCHOOL DISTRICT; <br><br>　　Defendants. | § § § § § § § § § § § § § § § § 　Civil Action No. 1:13-cv-1016 |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

　　Plaintiffs MARIA ACOSTA and OSCAR NIÑO DE RIVERA, Individually and as Next Friends of N.N., a Minor, file this lawsuit against Defendants RANDY MCMILLAN, BASTROP COUNTY, and BASTROP COUNTY INDEPENDENT SCHOOL DISTRICT, and would show the Court and Jury the following in support thereof:

**I.　PARTIES**

1.　Plaintiff Maria Acosta is the mother of N.N.  She brings her claim in her individual capacity and as Next Friend of N.N.

2.　Plaintiff Oscar Niño de Rivera is the father of N.N.  He brings his claim in his individual capacity and as Next Friend of N.N.

3.　At the time of his injury, N.N. was a citizen of the United States.

4.      Defendant Randy McMillian ("McMillan") is Bastrop County Sheriff's Deputy and may be served at the Bastrop County Sheriff's Office located at 200 Jackson Street, Bastrop, Texas 78602. He is being sued in his individual capacity. *Service is hereby requested at this time.*

5.      Defendant Bastrop County ("Bastrop County") is a county organized under the laws of Texas and operates the Bastrop County Sheriff's Office ("BCSO"). It may be served through District Attorney, Bryan Goertz at 804 Pecan Street, Bastrop, Texas, 78602. *Service is hereby requested at this time.*

6.      Defendant Bastrop County Independent School District ("BISD") is a school district organized under the laws of Texas and operates Cedar Creek High School ("CCHS"). It may be served through Superintendent Steve Murray. *Service is hereby requested at this time.*

**II.      JURISDICTION AND VENUE**

7.      As this case is brought pursuant to 42 U.S.C. §1983, this Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(3).  This Court has pendent jurisdiction over the Texas Education Code § 22.0511 claims.

8.      This Court has general personal jurisdiction over Defendant McMillian as he resides in the Western District of Texas; over Bastrop County, as it is a Texas county in the Western District of Texas; and over Bastrop County Independent School District, as it is a Texas school district in the Western District of Texas.

9.      This Court has specific *in personam* jurisdiction over all Defendants because this cause arises out of conduct that caused serious bodily injury to N.N.D.R. that occurred in Bastrop County, Texas, within the Western District of Texas.

10. Venue of this cause is proper in the Western District pursuant to 28 U.S.C. §1391(b) because a substantial portion of the events or omissions giving rise to Plaintiffs' claims occurred within the Western District of Texas.

### III. BACKGROUND

#### A. Introduction

11. N.N. is the beloved son of Maria Acosta and Oscar Niño de Rivera, and is a student at Cedar Creek High School in Bastrop, Texas.

12. On November 20, 2013, N.N. sustained a permanent brain injury when Defendant McMillan tased him in the hallway of CCHS.

13. At no time whatsoever did N.N. pose an imminent threat of death or serious injury to Defendant McMillan.

#### B. The Tasing

14. On November 20, 2013, Defendant McMillan was employed as a Sheriff's Deputy with BSCO, and also as a School Resource Officer with CCHS.

15. On November 20, 2013, an altercation occurred between two female students in the hallway of Cedar Creek High School.

16. CCHS school officials called Defendant McMillan and another BSCO Sheriff's Deputy and School Resource Officer, Timothy Stalcup ("Officer Stalcup"), for assistance in diffusing the situation.

17. Fearing the situation would escalate before law enforcement appeared on the scene, N.N. stepped in to break up the fight.

18.     By the time Defendant McMillan and Officer Stalcup arrived, N.N. has diffused the situation.

19.     Defendant McMillan instructed N.N. to step back.

20.     As N.N. stepped back with his hands in the air, Defendant McMillan stepped toward N.N. and shocked him with a taser.

21.     As a result of being tased, N.N. fell to the ground, striking his head on the floor.

22.     While N.N. was unconscious, Defendant McMillan placed him in handcuffs.

23.     School officials delayed in calling for medical assistance even though N.N. was in an obvious emergency medical situation.

24.     Eventually, school officials called for EMS and N.N. was air lifted to St. David's Medical Center, where he immediately underwent surgery to repair a severe brain hemorrhage and was placed in a medically induced coma.

25.     N.N. remains in a coma, and has not been able to communicate with his family since his hospitalization.

26.     McMillan knowingly and intentionally tased N.N. with the full intent of injuring him.

27.     McMillan was never in imminent danger.

28.     On information and belief, BSCO, BISD and CCHS knew McMillan had previously tased another student at CCHS approximately one (1) year prior to the incident, and allowed McMillan to continue operating as a Sheriff's Deputy and School Resource Officer.

29.     By allowing McMillan to continue his employment as a School Resource Officer, BISD and CCHS created a foreseeable danger that resulted in N.N. sustaining injuries.

IV.  **CAUSES OF ACTION**

  A.  **Excessive Force Against Defendant McMillan**

30.  Plaintiffs incorporate by reference all of the foregoing and further allege as follows:

31.  McMillan was acting both under color of law as a member of the Bastrop County Sheriff's Office, and in the course and scope of his employment as a uniformed BISD and CCHS School Resource Officer at all relevant times.

32.  McMillan tased N.N. when N.N. posed no imminent threat of death or serious injury to McMillan.

33.  McMillan's conduct resulted in serious bodily injury to N.N., was clearly excessive to the need, and was objectively unreasonable in light of well-established law.

34.  As a proximate result of McMillan's conduct, N.N. was hospitalized and placed into a medically-induced coma, and Plaintiffs suffered damages.

35.  Thus, Defendant McMillan is liable to Plaintiffs under 42 U.S.C. §1983.

  B.  **Education Code Claim § 22.0551 Against Defendant McMillan and Defendant Bastrop Independent School District**

36.  Plaintiffs incorporate by reference all of the foregoing and further allege as follows:

37.  In addition to being employed by Bastrop County Sheriff's Office, McMillan was employed by BISD at the time of the incident.

38.  McMillan used excessive force against N.N. and caused him to sustained serious injuries.

39.  McMillan acted negligently in tasering N.N. when other options clearly were available.

40. Thus, as a school employee who injured a student, McMillan is liable under Texas Education Code § 22.0511(a) which creates liability for a professional employee of a school district who *'uses excessive force in the discipline of students or negligence resulting in bodily injury to the students.'*

41. BISD is responsible for McMillan's actions under the theory of respondent superior since the McMillan's actions occurred during the scope of his employment with BISD.

42. Thus, McMillan and BISD are liable to Plaintiffs under Education Code § 22.0511(a).

   **B.    42 U.S.C. §1983 Claim Against Bastrop County**

43. Plaintiffs incorporate by reference all of the foregoing and further allege as follows:

44. Defendant McMillan was acting under color of law as Bastrop County Sheriff's Deputy when he violated the constitutional rights of N.N. and BSCO policymakers ratified and approved Defendant McMillan's misconduct.

45. BSCO had the following policies and/or practices in effect prior to the tasing incident:

- Inadequate supervision of officers regarding their use of force;

- Employing excessive force against minorities;

- Inadequate warning systems to discipline and/or weed out potentially dangerous officers;

- Failing to adequately investigate use of force by BSCO officers;

- Inadequate training.

46. Each of these policies was actually known, constructively known and/or ratified by BCSO and its policymakers and were promulgated with deliberate indifference to N.N.D.R.'s rights as guaranteed under the Fourth and/or Fourteenth Amendments to the United States Constitution. Moreover, the known and obvious consequence of these policies was that BCSO officers would be placed in recurring situations in which the constitutional violations described within this complaint would result. Accordingly, these policies also made it highly predictable that the particular violations alleged here would result.

47. Moreover, such policies/practices were the moving force of N.N.D.R.'s serious bodily injuries and the constitutional injuries he suffered. Accordingly, BCSO is liable under 42 U.S.C. §1983 to Plaintiffs for their damages.

      **C.**      **42 U.S.C. §1983 Claim Against Bastrop County Independent School District**

48. Plaintiffs incorporate by reference all of the foregoing and further allege as follows:

49. Defendant McMillan was acting in the course and scope of his employment as a uniformed BISD and CCHS School Resource Officer at all relevant times when he violated the constitutional rights of N.N.D.R., and BISD policymakers ratified and approved Defendant McMillan's misconduct.

50. Prior to the tasing incident, upon information and belief, BISD was aware Defendant McMillan had previously used his taser on another student, yet allowed McMillan to continue his employment as a School Resource Officer at CCHS. Therefore, BISD:

- Knew of impending danger;

- Were recklessly indifferent to the danger; and

- Through the authority vested in them by the state, knowingly created a dangerous environment that led to an otherwise preventable injury.

51.     Each of these policies was actually known, constructively known and/or ratified by BISD and its policymakers, and were promulgated with deliberate indifference to N.N.D.R.'s rights, as guaranteed under the Fourth and/or Fourteenth Amendments to the United States Constitution, and specifically deprived N.N.D.R. of his Fourteenth Amendment right to be free from unjustified intrusions on his personal security. Moreover, the known and obvious consequence of these policies was that BISD School Resource officers would be placed in recurring situations in which the constitutional violations described within this complaint would result. Accordingly, these policies also made it highly predictable that the particular violations alleged here would result.

52.     BISD officials with the authority to take corrective action had actual notice of wrongdoing by Defendant McMillan under 42 U.S.C. §1983 and were deliberately indifferent.

53.     BISD's policies/practices were the moving force of N.N.D.R.'s serious bodily injuries and the constitutional injuries he suffered. Accordingly, BISD is liable under 42 U.S.C. §1983 to Plaintiffs for their damages.

**V.      CLAIM FOR DAMAGES**

54.     The actions and omissions of Defendants deprived N.N.D.R. of his civil rights under the United States Constitution. Moreover, these acts and omissions by Defendants, their agents, employees, and/or representatives, proximately caused and/or were the moving force of the injuries and damages to Plaintiffs and proximately caused and/or were the

moving force of the serious bodily injury to N.N.D.R. Accordingly, Plaintiffs assert claims under 42 U.S.C. §1983, and seek any and all remedies available under Texas and United States law.

### VII.   ATTORNEY'S FEES

55.   As it was necessary for Plaintiffs to hire the undersigned attorney to file this lawsuit, Plaintiffs are entitled to an award of attorney's fees and costs including, but not limited to, expert witness fees pursuant to 42 U.S.C. §1988(b) if they prevail.

### VIII.   JURY REQUEST

56.   In compliance with Rule 38, Federal Rules of Civil Procedure, Plaintiffs hereby notify all parties of Plaintiffs' demand to a jury trial and tender the appropriate fee.

### IX.   PRAYER FOR RELIEF

57.   Plaintiffs hereby ask that Defendants be cited to appear and answer and that Plaintiffs be awarded judgment against Defendants for:

    (a)   compensatory damages;

    (b)   attorney's fees, including expert fees, under 42 U.S.C. §1988;

    (c)   pre-judgment interest and post-judgment interest at the highest rate allowable under the law;

    (d)   all costs including, but not limited to, any expert fees; and

    (e)   all other relief in equity or in law to which Plaintiffs may be entitled.

Respectfully submitted on November 25, 2013.

_____
Adam Loewy, Esq.
Texas Bar No. 24041353
**LOEWY LAW FIRM P.C.**
111 Congress Avenue, Suite 400
Austin, Texas 78701
P: (512) 779-3547
F: (512) 900-2991
E: adam@loewyfirm.com